**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Virgie L. WILLIS, Defendant–Appellant.**

No. 89–30076.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1989.

Decided April 2, 1990.

William R. Michelman, Tacoma, Wash., for defendant-appellant.

Kenneth G. Bell, Asst. U.S. Atty., Tacoma, Wash., for plaintiff-appellee.

Before WALLACE and NELSON, Circuit Judges, and WILSON,* District Judge.

NELSON, Circuit Judge:

Appellant Virgie L. Willis, who pled guilty to conspiracy to distribute cocaine, appeals the enhancement of her sentence under the United States Sentencing Commission Guidelines ("Guidelines") based on the presence of a firearm during the commission of the offense. She claims that that enhancement was inappropriate since the gun was in the possession of a co-conspirator and there was no evidence in the record indicating that she knew about its presence. We reject this argument and affirm.

* The Honorable Stephen V. Wilson, United States District Judge for the Central District of Califor-

## FACTS

On October 14, 1988, officials from the Drug Enforcement Administration (DEA) task force arrested appellant for her participation in a cocaine selling operation in Shelton, Washington. Appellant was apprehended along with her husband, Henry Willis, and Terry Lee Jewell. Ms. Willis subsequently pled guilty to one count of conspiracy to distribute cocaine and was sentenced, pursuant to the Guidelines, to forty-one months imprisonment and three years of supervised release. In arriving at her base offense level under the Guidelines, the district judge applied a two-level upward adjustment, pursuant to Guidelines section 2D1.1(b)(1), based on her husband's possession of a firearm at the time and place of the offense. Appellant appeals on the ground that this enhancement was improper.

## DISCUSSION

### I. Standard of Review

The district court's task was to determine whether Ms. Willis reasonably should have foreseen that her husband would possess a weapon during commission of the offense. We review the question whether conduct in furtherance of the conspiracy was reasonably foreseeable by the defendant for clear error. Cf. United States v. Sanchez–Lopez, 879 F.2d 541, 557 (9th Cir. 1989) (determination as to whether appellant's participation was sufficiently minimal to justify a downward departure under the Guidelines is question of fact subject to clearly erroneous standard of review); United States v. White, 875 F.2d 427, 431 (4th Cir.1989) (application of two-level reduction in base offense level for acceptance of responsibility is "a factual issue" reviewable under clearly erroneous standard); United States v. Franco–Torres, 869 F.2d 797, 800 (5th Cir.1989) (concluding that a district court's decision to increase a defendant's offense level because the defendant obstructed the administration of justice is reviewed for clear error).

nia, sitting by designation.

## II. *Section 2D1.1(b)(1) enhancement*

Accepting the government's argument that § 2D1.1(b)(1)'s enhancement provision was applicable through § 1B1.3(a)(1), the district judge applied the two-level upward adjustment. Guidelines section 2D1.1(b)(1) calls for a two-point increase in a defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed during commission of the offense." United States Sentencing Commission, *Guidelines Manual,* § 2D1.1(b)(1) (Nov. 1989) (hereinafter U.S.S.G.). This enhancement applies to appellant through section 1B1.3(a)(1) which requires the sentencing judge to consider, in arriving at the base offense level, "all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense." The commentary to this section provides, moreover, that "[i]n the case of criminal activity undertaken in concert with others, whether or not charged as a conspiracy, the conduct for which the defendant 'would be otherwise accountable' also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3, comment (n.1). While the district judge did not explicitly adopt the "reasonable foreseeability" language used in the Guidelines commentary, we are satisfied that his statement as to Willis' accountability for conspiratorial acts could be so interpreted. Our only remaining inquiry, therefore, is whether the finding was clearly erroneous. We believe it was not.

We note first that "trafficking in narcotics is very often related to the carrying and use of firearms." *United States v. Ramos,* 861 F.2d 228, 231 n. 3 (9th Cir.1988); *see also United States v. Savinovich,* 845 F.2d 834, 837 (9th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988). While we stop short of holding that there is a presumption as to the presence of a firearm in illicit narcotics transactions, the facts of this case justify the district court's finding. There was evidence, for example, that co-conspirator Henry Willis

was wearing the gun in his waistband such that it was easily seen by the DEA agents; since he met his wife at the location where the drugs were to be sold, it is reasonable to infer that she saw the gun. In addition, where, as here, co-conspirators are few in number and know each other well, the court may infer that each participant knew the others' "methods of operation." *United States v. Douglass,* 780 F.2d 1472, 1476 (9th Cir.1986).

For the above reasons, the district judge's finding that appellant is accountable for the presence of the firearm was not clearly erroneous. The enhancement of her sentence was, therefore, appropriate.

AFFIRMED.