955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar Apac GARCIA, Defendant-Appellant.
 No. 90-50447.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1992.*
Decided Feb. 19, 1992.
 
 Before BRUNETTI, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On November 20, 1989, appellant and a codefendant, Arturo Casa-Perez, delivered approximately three pounds of methamphetamine to an undercover agent in a gasoline station parking lot in San Diego, California. They were immediately arrested. Casa-Perez was found to be carrying a 9 millimeter handgun. A third codefendant, considered the mastermind, was arrested at his residence a short time later.
 
 
 3
 Pursuant to agreement, Garcia pled guilty to conspiracy to distribute an unspecified amount of methamphetamine. By having the prosecutor delete the actual amount from the charge, Garcia was able to avoid a statutory ten-year mandatory minimum that the court would otherwise have been obligated to impose. See 21 U.S.C. § 841(b)(1)(A) (violations involving 100 grams or more of methamphetamine require mandatory sentences of not less than ten years or more than life).
 
 
 4
 The presentence report recommended a United States Sentencing Guidelines base offense level of thirty-two. Garcia does not contest this calculation. The report further recommended that the district court add two points pursuant to U.S.S.G. § 2D1.1(b)(1) because the codefendant carried a loaded handgun during the delivery of the substance and Garcia admitted knowledge of that fact.
 
 
 5
 The district court expressed concern that "it may be unconstitutional to assign a gun to this man who had no idea of the existence of the gun." Nevertheless, it added two points for Casa-Perez' weapon. The court reduced Garcia's offense level by two, however, finding that he qualified as a "minor participant" under U.S.S.G. § 3B1.2(b). The resulting offense level was thirty, which coupled with no criminal history, established a guideline range from 97 to 121 months incarceration. The district court sentenced Garcia to 97 months, the low end of the range.
 
 
 6
 We review the district court's application of the Sentencing Guidelines de novo. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990). Garcia contends that it was error to assign a two point increase for Casa-Perez' weapon because the district court found that Garcia did not know that Casa-Perez was carrying a weapon.
 
 
 7
 It appears that the district court interpreted the guidelines to mean that a two point increase was necessary even if Garcia did not know of the weapon. The presentence report, however, indicated that Garcia admitted to knowledge of the weapon during the presentence interview. Consequently, an increase was appropriate although not for the exact reasoning that the district court reluctantly applied. See United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990). Garcia admitted to knowledge; the increased offense level was justified.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3