967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Paul BOYD, Defendant-Appellant.
 No. 91-10327.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided June 29, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Paul Boyd appeals his sentence under the United States Sentencing Guidelines ("Guidelines"), imposed following conviction on a guilty plea, for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 846. Boyd contends that the district court clearly erred by applying a two-level upward adjustment to his offense level based on a co-conspirator's possession of a firearm during the drug offense pursuant to U.S.S.G. §§ 1B1.3(a)(1) and 2D1.1(b)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error the district court's finding that conduct in furtherance of the conspiracy was reasonably foreseeable. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990).[1]
 
 
 4
 "In determining the offense level, the judge must consider 'all acts ... for which the defendant would be otherwise accountable, that occurred during the commission of the offense.' " United States v. Vargas, 933 F.2d 701, 710 (9th Cir.1991) (quoting U.S.S.G. § 1B1.3(a)(1)). "The commentary to that section provides that in cases of criminal conspiracy, a defendant is accountable for the conduct of others undertaken in furtherance of the conspiracy that was 'reasonably foreseeable by the defendant.' " Garcia, 909 F.2d at 1349 (quoting U.S.S.G. § 1.B1.3, comment. (n. 1)). Section 2D1.1(b)(1) calls for a two-level "increase in a defendant's base offense level '[i]f a dangerous weapon (including a firearm) was possessed during commission of the offense.' " United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990) (alteration in original) (quoting U.S.S.G. § 2D1.1(b)(1)). "The proximity of guns and drugs is usually circumstantial evidence of possession during the commission of a drug," although proximity is not a necessary condition and other evidence may suffice to show that a connection between a gun and drug offense was not "clearly improbable." United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990).
 
 
 5
 Here, Boyd participated in a conspiracy and drug transaction that also involved two co-conspirators and an undercover Drug Enforcement Administration ("DEA") agent. According to the presentence report, DEA agents saw what appeared to be a gun in co-conspirator Collins' waistband. Boyd and co-conspirator Matthews agreed to complete the transaction at a nearby location, while Collins waited in Boyd's car. After the co-conspirators were arrested, DEA agents searched Collins and found a .45 caliber semi-automatic pistol and two loaded magazines on his person.
 
 
 6
 Boyd contends that Collins possession of the gun during the drug offense was not reasonably foreseeable. We disagree. The gun was present during the attempted purchase. Additionally, Boyd and Collins drove together to the drug transaction, thus it is reasonable to infer that Boyd saw the gun. See Willis, 899 F.2d at 875 (reasonable to infer that defendant saw her co-conspirator husband wearing a gun, which was seen by DEA agents, in his waistband during the drug transaction).
 
 
 7
 Therefore, the district court was not clearly erroneous in attributing Collins' possession of the gun to Boyd and the enhancement of Boyd's sentence was appropriate. See Garcia, 909 F.2d at 1350.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Boyd argues that the district court erred by failing to make an explicit or implicit finding of "reasonable foreseeability" on the record. We disagree. The district court stated "[w]ell, when you've got a conspiracy to do something, and if one of the guys carries a gun, you are stuck with it. It seems to me that is what happened here. Clearly the guy has a gun" (RT 5/20/91 at 7). We interpret this statement as to Boyd's accountability for conspiratorial acts as a finding of "reasonable foreseeability." See United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990) (district court's statement constituted implicit finding of "reasonable foreseeability")