990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Teresa Darlene WOOTEN, Defendant-Appellant.
 No. 92-30350.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Teresa Darlene Wooten appeals the 46-month sentence imposed after her guilty plea to aiding and abetting an armed bank robbery in violation of 18 U.S.C. §§ 2, 2113. Wooten contends that the district court erred by: (1) increasing her base offense level by five levels under U.S.S.G. § 2B3.1(b)(2)(C) on the basis of a gun possessed by her co-defendant during the offense; (2) refusing to grant a four-level reduction in her offense level for being a minimal participant under U.S.S.G. § 3B1.2(a); and (3) refusing to depart downward from the applicable Guidelines range because of her extraordinary family circumstances. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and dismiss in part.
 
 
 3
 * Firearm Enhancement
 
 
 4
 We review for clear error the district court's finding that the defendant possessed a firearm during the commission of the offense. United States v. Vargas, 933 F.2d 701, 710 (9th Cir.1991); United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990).
 
 
 5
 The Guidelines require a five level increase in a defendant's base offense level "if a firearm was brandished, displayed, or possessed" during the commission of the offense. U.S.S.G. § 2B3.1(b)(2)(C). In determining the base offense level, the district court must consider "all acts ... for which the defendant would be otherwise accountable, that occurred during the commission of the offense." U.S.S.G. § 1B1.3(a)(1); see also United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990). The pertinent commentary provides that in cases of criminal activity "undertaken in concert with others, ... the conduct for which the defendant 'would be otherwise accountable' also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3, comment. (n. 1).
 
 
 6
 Wooten contends that the district court erred by enhancing her sentence under section 2B3.1(b)(2)(C) because she did not know that her husband possessed a firearm during the instant offense. This contention lacks merit. We have previously stated that "where ... [co-defendants] are few in number and know each other well, the court may infer that each participant knew the others' 'method of operation.' " See Willis, 899 F.2d at 875 (wife's sentence properly enhanced on the basis of her husband's possession of a gun during a drug transaction).
 
 
 7
 Here, Wooten pled guilty to aiding and abetting an armed bank robbery with her husband, co-defendant William Ray Wooten, who brandished a gun during the offense. At sentencing, Wooten testified that her husband had possessed a gun in two prior bank robberies which they had committed. Based upon the presence of a gun in the prior two bank robberies, Wooten should have reasonably foreseen that her co-defendant husband would possess a gun in the instant offense. See id.; see also Garcia, 909 F.2d at 1350.
 
 
 8
 Accordingly, the district court's finding that Wooten was accountable for the presence of the gun was not clearly erroneous. See Willis, 899 F.2d at 875. The enhancement of her sentence was therefore appropriate.
 
 II
 Minimal Participant
 
 9
 Wooten contends that she should have received a four-level reduction for being a minimal participant in the offense because "she only drove the get-away-car[,] ... took no part in the planning of the crime nor participated further than driving the vehicle used to escape ... [and] was dominated by her co-defendant husband to the point of losing her free choice."
 
 
 10
 We review de novo a district court's interpretation of the Guidelines, United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992), while reviewing for clear error its factual determinations regarding whether a defendant is a minor or minimal participant, United States v. Madera-Gallegos, 945 F.2d 264, 268-69 (9th Cir.1991); United States v. Lui, 941 F.2d 844, 848-49 (9th Cir.1991).
 
 
 11
 Based upon a defendant's role in the offense, the Guidelines allow either a four-level reduction for being a minimal participant, a two-level reduction for being a minor participant, or a three-level reduction for cases falling in between. U.S.S.G. § 3B1.2. A minimal participant reduction is intended for a "defendant[ ] who ... [is] plainly among the least culpable of those involved in the conduct of the group." Id., comment. (n. 1). "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant." Id.; see also United States v. Petti, 973 F.2d 1441, 1447 (9th Cir.1992), petition for cert. filed, (U.S. Jan. 19, 1993) (No. 92-7601). The four-level minimal participant reduction is intended to be used infrequently. Madera-Gallegos, 945 F.2d at 269 (citing U.S.S.G. § 3B1.2, comment. (n. 2)).
 
 
 12
 Here, the district court refused to award a four-level reduction for minimal participation, but did award a two-level reduction for minor participation. The district court made the following finding regarding the offense role:
 
 
 13
 For adjustment in the--for role in the offense, while I think it's a strong point that could be made for a contrary finding, I'm going to give this defendant a two-point reduction as a minor participant. And ordinarily that, perhaps, would not be for a getaway driver, which is what she was here. But the reports I've had about this defendant throughout this case indicates that she had been a very dependent personality with regard to her husband. I'm considering that.
 
 
 14
 I'm also, in a sense, recognizing that she has, even in requesting that her sentence be considered on its own merit, attempting to make a break with that dependency. And so I'm giving minor participant in this case, even though in most cases I would think getaway driver would not receive that consideration (RT 8/24/92 at 18).
 
 
 15
 Wooten's contention that the district court clearly erred by denying her a four-level minimal participant reduction lacks merit. Wooten drove her co-defendant husband to the victim bank with full knowledge that he intended to rob it. She then drove the getaway vehicle after the robbery. The district court was free to disregard Wooten's self-serving statements regarding her role in the offense. See Lui, 941 F.2d at 849. Absent any evidence to dispute the district court's factual finding, we uphold it.
 
 
 16
 Accordingly, the district court did not clearly err by denying Wooten a four-level minimal participant reduction. See id.
 
 III
 Downward Departure
 
 17
 Wooten argues that her mother is suffering considerable financial and emotional strain as a result of having to care for Wooten's three teenage children, thereby demonstrating extraordinary family circumstances. We do not address this argument.
 
 
 18
 A district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal. United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992). Moreover, "[f]amily ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the guidelines." U.S.S.G. § 5H1.6; see also United States v. Shrewsberry, 980 F.2d 1296, 1298 (9th Cir.1992); United States v. Berlier, 948 F.2d 1093, 1096 (9th Cir.1991).
 
 
 19
 Here, the district court declined to depart downward on this basis finding that Wooten "made the decision to leave her ... [children] with a family member and go off on a jaunt which included robbing some banks. Therefore, we lack jurisdiction to consider Wooten's request for a downward departure. See Robinson, 958 F.2d at 272.
 
 
 20
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3