8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Noe Gorrula MADRID, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Noe Gorrula MADRID, Defendant-Appellant.
 Nos. 91-30420, 92-30396.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 30, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Noe Madrid appeals his sentence after a guilty plea to one count of conspiracy to possess with intent to distribute cocaine. In a separate pro se appeal, Madrid challenges the denial of discovery of grand jury transcripts, which he sought after he filed his appeal.
 
 
 3
 * The district court properly held Madrid accountable for all the drugs and money seized from his coconspirators, rather than just the four and one-half kilos found in his own home. Relevant conduct, for purposes of ascertaining the guideline range, includes all "reasonably foreseeable acts and omissions of others in furtherance" of the conspiracy. U.S.S.G. § 1B1.3. There was sufficient evidence showing Madrid could reasonably foresee his coconspirators would possess large amounts of drugs and money. A confidential informant testified that at the home of coconspirator Cazares-Payan, Madrid instructed another coconspirator to show the confidential informant "twenty balls" of heroin; that Madrid's brother and coconspirator, Jaime Madrid, discussed the delivery of two kilos of cocaine over the telephone with Madrid; and that Madrid's codefendant, Contreras, said he and Madrid had previously transported eighteen kilograms of cocaine to the Portland area. The court could reasonably infer from this evidence that Madrid was aware his coconspirators would possess the amount of drugs seized in the investigation.
 
 
 4
 Even though the district judge did not use the words "reasonably foreseeable" in finding Madrid accountable for between fifteen and fifty kilograms of cocaine, she plainly adopted the relevant portion of the presentence report, which concluded Madrid should be accountable for twenty kilograms on the basis of various transactions with Madrid and his coconspirators listed in the report. See United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990); United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990); see also United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990). The record "reflects no confusion on anyone's part as to what the district court decided." Rigby, 896 F.2d at 394. Nor did appellant request a more "definitive ruling." Id.
 
 
 5
 It is well established that a guilty plea constitutes an admission of all the factual allegations in the indictment. United States v. Matthews, 833 F.2d 161, 163 (9th Cir.1987). Madrid pled guilty to count one of the indictment charging him with conspiring with four individuals. He cannot now contend he conspired only with Contreras. He did not challenge the factual basis of his plea simply by discussing only his agreement with Contreras in response to the court's questions regarding the factual basis of his plea to count one.
 
 II
 
 6
 The district court properly enhanced Madrid's sentence under U.S.S.G. § 2D1.1(b)(1). Evidence that Madrid exercised dominion and control over the area where the firearm was found supports an inference that he had dominion and control over the firearm itself. United States v. Castillo, 866 F.2d 1071, 1086-88 (9th Cir.1988).
 
 III
 
 7
 The district court properly refused to adjust Madrid's sentence under U.S.S.G. § 3B1.2. When arrested, Madrid was found with large amounts of cash and drugs. From these facts alone, the district court could reasonably determine he was not a minor participant. United States v. Sanchez-Lopez, 879 F.2d 541, 557-58 (9th Cir.1989) (defendant not a minor participant where defendant possessed a significant quantity of drugs).
 
 IV
 
 8
 Madrid's claim that the district court should have granted his request for discovery of the grand jury transcript has no merit. Once the notice of appeal was filed, the district court lacked jurisdiction and, accordingly, had no power to order the relief Madrid sought. In re Visioneering Construction, 661 F.2d 119, 124 n. 6 (9th Cir.1981). Even if the district court had power to permit discovery, Madrid did not make the required showing of a particularized need outweighing the policy supporting grand jury secrecy. See United States v. Walczak, 783 F.2d 852, 857 (9th Cir.1986). Even if Madrid were entitled to discovery of the transcripts, he could not use the information in the transcripts in support of his appeal since those facts were not in the record before the district court when Madrid was sentenced. Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077 (9th Cir.1988).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The parties are familiar with the facts and the issues in the case and we will not restate them. This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3