8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio Garcia ALFARO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis MARTINEZ, Defendant-Appellant.
 Nos. 92-10319, 92-10379.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 6, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion cases, Antonio Garcia Alfaro and Jose Luis Martinez appeal their convictions, which followed pleas of guilty, for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Martinez also appeals his 151-month sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Alfaro's counsel submitted a brief stating that he finds no meritorious issues for review. Counsel also filed a motion to withdraw as counsel of record. Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no issues for review.
 
 
 4
 Martinez argues that the district court erred by increasing his sentence based upon a gun possessed by Alfaro during the drug offense. He claims he did not know or expect that Alfaro would be armed because he had little experience with drug transactions and he did not know Alfaro well enough to foresee that he would carry a weapon. These arguments are unavailing.
 
 
 5
 We review for clear error the district court's finding that Martinez possessed a firearm during the commission of a narcotics offense. See United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991).
 
 
 6
 In the case of criminal activity undertaken in concert with others, whether or not charged as a conspiracy, the conduct for which the defendant 'would be otherwise accountable' also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant.
 
 
 7
 U.S.S.G. § 1B1.3, comment. (n. 1). We have noted that trafficking in narcotics is very often related to the carrying and use of firearms, see United States v. Ramos, 861 F.2d 228, 231 n. 3 (9th Cir.1988), and upheld application of this enhancement to defendants whose coconspirators were armed, see United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990); United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990).
 
 
 8
 In September 1991, Martinez arranged to sell ten kilograms of cocaine to an undercover law enforcement agent for $190,000. Some weeks later, Martinez and the agent met to conduct the transaction. Martinez summoned his codefendant, Alfaro, to show the agent a one kilogram sample. Alfaro agreed to meet with Martinez and the agent a short time later to exchange five kilograms of cocaine for $95,000. Martinez and Alfaro were arrested after Martinez delivered five kilograms of cocaine to the agent. At the time of the defendants' arrest, Alfaro had a loaded .380 caliber semi-automatic handgun in his jacket pocket. A subsequent search of Martinez's residence revealed a .22 caliber semi-automatic handgun.
 
 
 9
 The district court did not have to doubt the truth of Martinez's incredible statements to hold him liable for Alfaro's conduct. We have no trouble concluding that a person toting five kilograms of cocaine might reasonably have foreseen his codefendant's possession of a weapon. See Garcia, 909 F.2d at 1350. Therefore, the district court did not clearly err by attributing Alfaro's possession of the gun to Martinez. The enhancement of Martinez's sentence was proper. See id.
 
 
 10
 The motion of Alfaro's counsel to withdraw is GRANTED. Both convictions and Martinez's sentence are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3