8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerardo GUTIERREZ-MEZA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon FIERRO-GAXIOLA, Defendant-Appellant.
 Nos. 91-30411, 92-30435.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Oct. 7, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Fierro-Gaxiola and Gerardo Gutierrez-Meza were both members of a twelve person heroin trafficking conspiracy. Gutierrez appeals the denial of his motion for mistrial due to improper statements of a government witness. Fierro appeals the denial of his motion to dismiss for violation of the Speedy Trial Act and appeals the sentence imposed after his conditional guilty plea. Both Gutierrez and Fierro appeal the denial of a motion to suppress evidence obtained during an alleged search and seizure.
 
 
 3
 The issues raised in Gutierrez' appeal were fully resolved in United States v. Arias-Villanueva, No. 91-30393, slip op. 7581 (9th Cir. July 20, 1993).[1] Therefore, we address only the Speedy Trial Act and sentencing issues raised in Fierro's appeal. We AFFIRM.
 
 I.
 
 4
 The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be charged by indictment or information within thirty days of arrest or service of summons. § 3161(b). The Act further requires that a defendant be brought to trial within seventy days of his first court appearance through counsel or filing of the indictment, whichever date is later. § 3161(c)(1). Fierro contends that both the thirty and seventy day provisions of the Act were violated and thus the superseding indictment charging him with conspiracy and other substantive offenses should be dismissed.
 
 
 5
 The Speedy Trial Act applies only if the arrest was "in connection with" the charges contained within the later indictment. United States v. Cepeda-Luna, 989 F.2d 353, 356 (9th Cir.1993). Here, no violations of the Act occurred as Fierro's initial detention was not "in connection with" the superseding indictment.
 
 
 6
 Fierro's detention by the INS on March 19, 1989 was in relation to an illegal reentry charge. He was indicted on the illegal reentry charge on March 21, 1989, thereby satisfying the Act's thirty day provision. The January 18, 1991 superseding indictment alleged different offenses than illegal reentry, thus making the Act inapplicable. See United States v. Clay, 925 F.2d 299, 302 (9th Cir.1991), disapproved on other grounds, Gozlon-Peretz v. United States, 498 U.S. 395 (1991).
 
 
 7
 Regarding the Act's seventy day provision, the Speedy Trial clock began running as to the illegal reentry charge on April 23, 1990, the date Fierro was arraigned. The clock stopped on June 22, 1990, the date on which he pled guilty to the illegal reentry charge. Fierro argues that the April 23, 1990 arraignment also started the seventy day clock for his trial on the charges in the superseding indictment. As with the thirty day provision, his argument fails as the superseding indictment charged different offenses than illegal reentry.
 
 II.
 
 8
 Fierro argues that in determining his base offense level under the "Relevant Conduct" provisions of the Sentencing Guidelines, the district court improperly held him accountable for large quantities of drugs as a result of his involvement in the conspiracy. A defendant can be held liable for any acts undertaken by coconspirators that were reasonably foreseeable and done in furtherance of the conspiracy. U.S.S.G. § 1B1.3; United States v. Conkins, 987 F.2d 564, 572-73 (9th Cir.1993). The burden is on the government to prove reasonable foreseeability by a preponderance of the evidence. Id. We review for clear error whether conduct done in furtherance of the conspiracy was reasonably foreseeable. United States v. Willis, 899 F.2d 873, 874 (9th Cir.1990).
 
 
 9
 There is sufficient evidence in the record to support the district court's finding that Fierro was accountable for 159.9 kilograms of heroin.[2] His guilty plea links his participation to the conspiracy as early as December 12, 1989. The government provided evidence that while Fierro began at the distribution level, he was eventually elevated to dealing directly with Orantes-Arriaga, the leader of the conspiracy. The trial court was not clearly erroneous in finding that Fierro could reasonably have foreseen actions of his coconspirators that involved 159.9 kilograms of heroin.[3]
 
 
 10
 Fierro next argues that Federal Rule of Criminal Procedure 32 was violated in several respects. First, he relies on Burns v. United States, 111 S.Ct. 2182 (1991), in arguing that Rule 32 required notice before the district court set the offense level at 40 given this level exceeded the recommendations of both the presentence report and the government. Burns is not controlling here as it involved a district court departure from a specified guideline range. Id. at 2182. Here, in setting the offense level initially at 40, the district court was determining the applicable range, not deciding whether to depart from it. Further, the district court based its offense level determination on the extent of Fierro's participation in the conspiracy, an issue which Fierro did contest.
 
 
 11
 Fierro also argues that the district court violated Rule 32 by failing to provide an adequate hearing on controverted matters. If a defendant challenges the information contained in the presentence investigation report, the district court must make findings of fact concerning any disputed matter upon which it proposes to rely in sentencing. Fed.R.Crim.P. 32(c)(3)(D). Fierro's argument is without merit as the district court made findings of fact as to each of his objections to the presentence report in its Finding of Facts Order.
 
 
 12
 The rulings of the district court are AFFIRMED in all respects.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Both appellants joined in a motion by their coconspirators to suppress evidence arising from an encounter on January 29, 1990. In denying this motion, we agreed with the district court that the encounter was consensual. United States v. Arias-Villanueva, No. 91-30393, slip op. at 7591
 Gutierrez also joined in a motion for mistrial based on the testimony of a government witness that she was "just as guilty as everybody else." While the testimony was improper, we found that the district court's timely and repeated efforts to cure were sufficient. Id. at 7592.
 
 
 [2]
 In Arias-Villanueva, we affirmed the district court's finding that coconspirator Arias-Villanueva was also accountable for 159.9 kilograms of heroin. Arias-Villanueva, No. 91,30393, slip op. at 7611
 
 
 [3]
 Fierro also argues that the trial court's reliance on the drug quantities attributable to his coconspirators denied him the right to individualized sentencing. This argument is without merit as the trial court specifically detailed Fierro's personal involvement in the conspiracy in order to show what acts he reasonably could have foreseen