9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Vincent PEREZ, Defendant-Appellant.
 No. 93-30017.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1993.*
Decided Nov. 9, 1993.
 
 1
 Before: TANG, FARRIS, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Charles Vincent Perez appeals from the sentence imposed following his conviction for conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(d)(2), and 841(a)(1); possession of precursor chemicals, in violation of 18 U.S.C. § 841(d)(2); distribution of more than 100 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and possession of an unregistered silencer, in violation of 26 U.S.C. §§ 5861(d) and 5845(a)(7). He argues that the district court used the wrong Sentencing Guideline when determining his base offense level with regard to the quantity of "listed essential chemicals" (acetic anhydride) found in his garage. In addition, Perez argues that the court incorrectly used a quantity of methamphetamine that was not in marketable form when determining his sentence. Finally, he argues that the court erroneously found the quantity of drugs that was reasonably foreseen. We affirm.
 
 
 4
 * Perez argues that his convictions on counts 1, 3 and 4 having to do with conspiracy to manufacture and distribution of methamphetamine should be separately grouped from his conviction on count 2 for possession of the listed chemical acetic anhydride, and in turn each should be separately grouped from his conviction for possession of a firearm silencer. Specifically with respect to acetic anyhdride, Perez contends that his base offense level should have been calculated pursuant to U.S.S.G. § 2D1.11, and that the amount of marijuana equivalent to the acetic anhydride should not have been grouped with the drugs from the other offenses.
 
 
 5
 Assuming his objection to conversions suffices not to waive the point, Perez's arguments fail. His reliance on United States v. Perrone, 936 F.2d 1403 (2d Cir.1991), and United States v. Voss, 956 F.2d 1007 (10th Cir.1992), to support application of § 2D1.11 rather than § 2D1.1 is misplaced. As both Perrone and Voss indicate, § 2D1.11 applies only when there is no basis for conviction under § 841(a). Here, Perez was not convicted of violating § 841(d) alone; he was also convicted of violating § 841(a). In addition to possessing listed chemicals, he possessed P2P and lab equipment in his house, and he gave a large quantity of P2P and a liquid containing methamphetamine to the informant to deliver to co-conspirator Hatcher. These acts, apart from his possession of acetic anhydride, are sufficient for conviction under § 841(a) and distinguish Perez's sentencing from Perrone and Voss.
 
 
 6
 The district court did not err in applying § 2D1.1. In cases such as this where the defendant is convicted of an offense involving a listed chemical and a related offense involving a controlled substance, the Commentary to § 2D1.11 directs the court to § 2D1.1. U.S.S.G. § 2D1.11 comment. (n. 3). The district court properly considered the quantity of both the controlled substance and listed chemical, converted the acetic anyhdride to an equivalent amount of methamphetamine, grouped the drug quantities, and calculated Perez's base offense level under the marijuana equivalency table at 38.
 
 
 7
 Perez also urges that the court should have converted the listed chemical to marijuana based on the Chemical Quantity Table in § 2D1.11. The district court converted the acetic anhydride to marijuana based on chemical conversions calculated by the DEA. This was not clearly erroneous. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 II
 
 8
 Perez argues that the district court erred in computing the base offense level by weighing the total amount of a mixture that was not in marketable form. However, because offense level 38 applies for marijuana amounts ranging from 30,000 kilograms to 100,000 kilograms, the offense level would be the same even if the 16,000 kilograms attributable to the methamphetamine in liquid solution were not counted at all. Therefore any error the court may have made by considering a solution that was not in marketable form is harmless.
 
 III
 
 9
 Finally, Perez argues that the district court failed to make a specific finding that the quantity of drugs was known or reasonably foreseen, and in any event that the quantity arrived at was not supported by the evidence. Whether conduct in furtherance of a conspiracy is reasonably foreseeable is a question of fact which may be reversed only upon a showing of clear error. United States v. Willis, 899 F.2d 873, 874 (9th Cir.1990). The standard of proof at sentencing is a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992).
 
 
 10
 Although the district court did not explicitly find that the quantity of controlled substances attributed to Perez was known or reasonably foreseen by him, the court adopted the findings of the Pre-Sentence Report as to quantity and Perez made no objection. In any event, we cannot say that those findings are clearly erroneous. There was testimony that Perez gave the informant laboratory equipment as well as 7.8 kilograms of P2P and 16 liters of a solution containing more than 1,000 grams of methamphetamine per liter to give to Hatcher. DEA agents found more P2P, glassware, a massive quantity of acetic anhydride, and instructions for the preparation of methamphetamine at Perez's residence. All the quantities used to determine Perez's sentence were taken either from Perez's house or from the informant who received them from Perez. Thus, there was no clear error in attributing these amounts to Perez.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3