86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juvencio Tapia PACHECO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julio Andres ARRENDONDO, Defendant-Appellant.
 Nos. 95-10049, 95-10141.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided May 23, 1996.
 
 Before: HUG, Chief Judge, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juvencio Tapia Pacheco appeals his conviction and sentence following a plea of guilty for possession of tar heroin with intent to distribute and for aiding and abetting. See 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Appeal No. 95-10049). Julio Andres Arrendondo appeals his sentence under the Sentencing Guidelines which was imposed following his plea of guilty to possession of tar heroin with intent to distribute and to being a deported alien found in the United States. See 21 U.S.C. § 841(a)(1) and 8 U.S.C. § 1326. We affirm.
 
 
 3
 1. Pacheco's Appeal.
 
 
 4
 Pacheco's attorney has informed us that he can find no appealable issues in this case and has moved to withdraw. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Pacheco was given notice of that and an opportunity to file a supplemental brief. He did not file one. We have reviewed the record, and we find no issues. Pacheco pled guilty, and " 'he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.' " United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992) (quoting Tollet v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)). Nothing in the record before us suggests that his plea was not voluntary and intelligent. Moreover, at the district court he raised no challenges to his sentencing. That constitutes a waiver. United States v. Baker, 63 F.3d 1478, 1500 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 921, 133 L.Ed.2d 850 (1996); United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990), cert. denied, 502 U.S. 969, 112 S.Ct. 442, 116 L.Ed.2d 460 (1991). At any rate, we find no error in the sentencing calculations.
 
 
 5
 2. Arrendondo's Appeal.
 
 
 6
 The district court was required to make factual findings on matters disputed at sentencing. See United States v. Kerr, 876 F.2d 1440, 1445 (9th Cir.1989). Arrendondo disputed the assertion that he should receive a two-level increase in his Guideline score because a firearm was possessed by a coconspirator during the drug crime in question. See U.S.S.G. §§ 1B1.3(a)(1)(B) and 2D1.1(b)(1) (Nov.1994). The district court took testimony. It then determined that a gun was possessed and that Arrendondo could not only reasonably foresee it, but that he actually knew about it. See United States v. Vargas, 933 F.2d 701, 710 (9th Cir.1991); United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990). The evidence supports that determination; it could also support the determination that Arrendondo actually supplied the gun. His claim that the evidence was unreliable amounts to an assertion that the district court should not have believed the witness who testified against him. However, that issue of credibility was one for the district court to decide. See United States v. Clark, 918 F.2d 843, 847 (9th Cir.1990); United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Its decision was not clearly erroneous. Id.
 
 
 7
 The motion of counsel for Pacheco to withdraw is GRANTED, and Pacheco's and Arrendondo's convictions and sentences are AFFIRMED.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3