124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Demetrius Marie CROOK, Defendant-Appellant.
 No. 97-50008.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.**
Filed September 15, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CR-96-00771-JMI-2; James M. Ideman, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Demetrius Crook appeals her fifty-one month sentence following her guilty plea conviction for aiding and abetting a bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a). Crook contends the district court erred by: (1) concluding she was not a minor participant in the offense because she drove a getaway car during the robbery; (2) applying a five-level enhancement because her co-defendant possessed a firearm during the offense; and (3) denying her a downward departure for aberrant behavior. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.
 
 I. Minor Participant
 
 3
 The district court's finding regarding the defendant's role in the offense is reviewed for clear error. See United States v. Flores-Pavon, 942 F.2d 556, 560 (9th Cir.1991). The United States Sentencing Guidelines instruct the district court to decrease the offense level by two levels if the defendant was a minor participant in a criminal offense. See U.S.S.G. § 3B1.2(b) (1995). A minor participant is any participant who is less culpable than most other participants and substantially less culpable than the average participant. See U.S.S.G. § 3B1.2, comment. (n.3 & backg'd) (1995). "[T]he district court is not compelled to find that a defendant who is the least culpable in a particular transaction is therefore a minor participant." See United States v. Molina, 934 F.2d 1440, 1452 (9th Cir.1991).
 
 
 4
 Here, Crook acted as the lookout and drove a second getaway car during the robbery. After Crook's co-defendant and boyfriend, Clemons left the bank, he got into a car driven by a second co-defendant, Dean. Crook followed the car and once the dye pack planted by bank employees exploded, Clemons exited the first vehicle and jumped into the vehicle Crook was driving. The district court found that the robbery required coordination and thought and Crook followed the first getaway car which made it possible for Clemons to switch cars. Although the evidence indicates that Crook may have been the least culpable, the district court was not required to find that she was a minor participant. See id. at 1452. Accordingly, the district court did not clearly err by refusing to grant a downward adjustment for Crook's role in the offense. See Flores-Pavon, 942 F.2d at 560.
 
 II. Firearm Enhancement
 
 5
 We review for clear error the district court's finding that the defendant possessed a firearm during the commission of the offense. See United States v. Vargas, 933 F.2d 701, 710 (9th Cir.1991). The Sentencing Guidelines require a five-level increase in a defendant's base offense level "if a firearm was brandished, displayed, or possessed" during the commission of the offense. U.S.S.G. § 2B3.1(b)(2)(C) (1995). "In the case of jointly undertaken criminal activity," the sentencing court should take into consideration "all reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity that occurred during the commission of the offense of conviction." U.S.S.G. § 1B1.3, comment. (n.1) (1995). A defendant may receive an upward adjustment for possession of a firearm even if the gun was in the possession of a co-defendant and the defendant had no actual knowledge that his co-defendant possessed a gun. See United States v. Garcia, 909 F.2d 1346, 1349-50 (9th Cir.1990). "Actual knowledge of the details of the robbery plan is irrelevant" to the issue of foreseeability. United States v. Shaw, 91 F.3d 86, 89 (9th Cir.1996). The court may infer that each participant knew the others' method of operation where the co-defendants are few in number and know each other well. See United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990).
 
 
 6
 Here, Crook pleaded guilty to aiding and abetting a bank robbery with her friend, co-defendant Dean and boyfriend, co-defendant Clemons. Clemons threatened two bank employees with a gun during the robbery. Crook knew her co-defendants planned to rob a bank and participated in it by acting as a lookout and driving a second vehicle. The fact that Crook may not have participated in planning the robbery does not make the co-defendant's possession of a gun unforeseeable. See Shaw, 91 F.3d at 89. Also, because Crook's co-defendants were her boyfriend who she later married and a friend, she should have known their method of operation and foreseen that her boyfriend would use a gun during the robbery. See Willis, 899 F.2d at 875 (wife's sentence properly enhanced on the basis of her husband's possession of a gun during a drug transaction). Accordingly, the district court's conclusion that it was reasonably foreseeable to Crook that her co-defendant would possess a firearm was not clearly erroneous. See Garcia, 909 F.2d at 1350.
 
 III. Downward Departure
 
 7
 A district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal. See United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990). When a district court's authority to depart downward is not in dispute and it declines to depart without comment, we assume that the district court realized it had authority to depart but declined to do so in its discretion. See United States v. Garcia-Garcia, 927 F.2d 489, 490-91 (9th Cir.1991).
 
 
 8
 Here, the district court denied Crook's request for a downward departure for aberrant behavior. The district court did not indicate it lacked the authority to depart. Accordingly, we dismiss this part of the appeal for lack of jurisdiction. See Morales, 899 F.2d at 103.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3