**380**

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Samuel Gregory LEMAR, Defendant—
Appellant.**

No. 02–30108.

D.C. No. CR–01–00052–BLW.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 19, 2003.

Before LEAVY, FERNANDEZ, and
BERZON, Circuit Judges.

MEMORANDUM**

Samuel Gregory Lemar appeals the 41–month sentence imposed following his guilty plea conviction for one count each of conspiracy to distribute controlled substances, distribution of methylenedioxyamphetamine, and distribution of ketamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

At sentencing, the district court applied a two-level increase of the offense level for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). Lemar contends the two-level increase was not warranted because there was no evidence indicating he or any of his co-conspirators possessed a firearm during the commission of their offenses.

We review for clear error the district court's finding that the defendant possessed a firearm during the commission of a narcotics offense. *See United States v. Willis*, 899 F.2d 873, 874 (9th Cir.1990). A criminal defendant can be held accountable for a firearm possessed by a co-conspirator, if the possession was reasonably foreseeable to the defendant as part of the criminal activity. *See id.* at 875 (holding that actual knowledge of a co-conspirator possessing a firearm qualifies as foreseeability). Lemar testified at sentencing that during narcotics transactions he knew that one of his co-conspirators carried a firearm. Accordingly, the district court appropriately granted the two-level increase under U.S.S.G. § 2D1.1(b)(1).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.