**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Giovanni ALVAREZ–SANCHEZ, aka**
**Baltazar Alvarez–Sanchez,**
**Defendant—Appellant.**

**No. 07–10466.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 21, 2008.

John Robert Lopez, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Lynn T. Hamilton, Esquire, Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

---

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Defendant does not challenge the existence of probable cause, nor does he dispute any findings of fact.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

### MEMORANDUM **

Giovanni Alvarez–Sanchez appeals from the 46–month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 846, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Alvarez–Sanchez contends the district court erred in applying a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) because the government did not establish that a weapon was present or, in the alternative, because it was clearly improbable that the weapon was connected with the offense. We conclude the district court did not clearly err in determining that Alvarez–Sanchez's co-conspirator possessed a gun during the course of the drug conspiracy, that this was reasonably foreseeable to Alvarez–Sanchez, and that the gun was present in connection with the offense. *See United States v. Willis,* 899 F.2d 873, 875 (9th Cir.1990); *see also United States v. Garcia,* 909 F.2d 1346, 1350 (9th Cir. 1990) (in light of the large amount of drugs, co-conspirator's possession of a gun was reasonably foreseeable).

In addition, Alvarez–Sanchez contends that, because he received safety-valve re-

** This disposition is not appropriate for publication and is not precedent except as provid-

lief, the district court was precluded from applying the § 2D1.1(b)(1) enhancement. This contention lacks merit. *See United States v. Nelson,* 222 F.3d 545, 551 (9th Cir.2000).

**AFFIRMED.**