MEMORANDUM *
Maria de Jesus Hernandez appeals her conviction and sentence on four counts of distribution of methamphetamine and one count of possession of methamphetamine with intent to distribute.
The other acts evidence admitted by the district court was not “inextricably intertwined” with the charged offenses and its admission was thus governed by Rule 404(b) of the Federal Rules of Evidence. Cf. United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir.2004). The government failed to provide notice of its intent to introduce this evidence, as required by Rule 404(b). Cf. United States v. Hill, 953 F.2d 452, 458 (9th Cir.1991). However, any error in admitting the challenged evidence was harmless due to the substantial other evidence of guilt. See United States v. Holler, 411 F.3d 1061, 1067 (9th Cir. 2005).
The district court properly imposed a firearm enhancement under United States Sentencing Guidelines Manual § 2D1.1(b)(1) (2006). It was reasonably foreseeable that Hernandez’s co-defendant would possess a firearm in connection with their joint distribution of methamphetamine. See United States v. Garcia, 909 F.2d 1346, 1350 (9th Cir.1990). In addition, the handgun was discovered by officers in plain view in a bedroom where children’s toys were also present. See United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990).
Finally, the sentence imposed was reasonable. See United States v. Carty, 520 F.3d 984, 994 (9th Cir.2008) (en banc) (noting that a sentence within the Guidelines is reasonable “in the mine run of cases”) (citation omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.