**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AMADO MALDONADO,

Defendant - Appellant.

No. 10-10165

D.C. No. 1:09-cr-00024-OWW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Amado Maldonado appeals from the 240-month sentence imposed following
his guilty-plea conviction for conspiracy to distribute and possess with intent to
distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),
and 846, possession with intent to distribute methamphetamine and aiding and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2, and being a deported alien found in the United States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Maldonado contends that the district court erred by applying the two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1).  The district court's determination that the enhancement applied on the basis of Maldonado's co-conspirator's possession of the firearm was not clearly erroneous.  *See United States v. Garcia*, 909 F.2d 1346, 1349-50 (9th Cir. 1990) (co-conspirator's possession of firearm during major drug sale involving large quantity of drugs was reasonably foreseeable to defendant and supported enhancement).  Furthermore, Maldonado concedes that he saw the firearm prior to completing delivery of the drugs.  *See United States v. Willis*, 899 F.2d 873, 875 (9th Cir. 1990) (no error in applying enhancement where it was reasonable to infer defendant had actually seen co-conspirator's firearm).

**AFFIRMED.**