FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff - Appellee,<br><br>  v.<br><br>CARL VON BRADLEY a.k.a CARL VON BROOKS<br><br>         Defendant - Appellant. | No. 10-10200<br><br>D.C. No. 2:09-cr-00185-PMP-LRL-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted April 5, 2011 [**]

Before:      B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Carl Von Bradley appeals from the 110-month sentence imposed following

his guilty-plea conviction for bank robbery and aiding and abetting, in violation of

18 U.S.C. §§ 2113(a) and 2.  We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

affirm.

Bradley contends that the district court erred by applying a five-level enhancement under U.S.S.G. § 2B3.1(b)(2)(C) for brandishing or possessing a firearm during the offense. He argues that: (i) the district court applied an incorrect standard of proof when it found that the enhancement applied; (ii) there was insufficient evidence to support a finding that a firearm was possessed during the robbery; and (iii) the district court improperly inferred that possession was foreseeable.

The record reflects that the district court determined the enhancement was supported by both a preponderance of the evidence and clear and convincing evidence. Accordingly, the evidence was sufficient to support the enhancement. *See United States v. Pike*, 473 F.3d 1053, 1057 (9th Cir. 2007) (clear and convincing standard of proof applies only when an enhancement has an extremely disproportionate effect on the sentence). The record further reflects that the district court did not clearly err in determining that it was reasonably foreseeable for a co-conspirator to possess a firearm during the robbery. *See United States v. Willis*, 899 F.2d 873, 875 (9th Cir. 1990).

**AFFIRMED.**