UNITED STATES of America,
Plaintiff-Appellee,

v.

Philip KOSTOFF, Paul Kostoff, Ronald Rossi, John R. Dubos, Kenneth L. Stevenson, Defendants-Appellants.

Nos. 76–3496 to 76–3500.

United States Court of Appeals,
Ninth Circuit.

April 21, 1978.

Gerald Utti (argued), of Kurilich, Utti, Curran & Watson, Fullerton, Cal., Patricia Benson (argued), Mitchell, Sibesky & Knupp, Los Angeles, Cal., Robert E. Hinerfeld (argued), Los Angeles, Cal., for defendants-appellants.

J. Stephen Czuleger, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING and ANDERSON, Circuit Judges, and NIELSEN,[*] District Judge.

PER CURIAM:

Defendants were charged, along with Sean Shanahan,[1] with conspiracy to violate 18 U.S.C. § 1014, bank credit fraud, and 18 U.S.C. § 1341, mail fraud, in violation of 18 U.S.C. § 371. There were also six additional substantive counts charging violations of 18 U.S.C. § 1014 and 18 U.S.C. § 2, aiding and abetting. The jury found against all appellants on Count I, the conspiracy count; against Philip Kostoff on Counts II through VII; against Paul Kostoff on Counts II and III; against Stevenson on Count II; against Rossi on Count VI; and against Dubos on Count VII. All defendants appeal based on the jury instructions, contending that there was error resulting 1) from the lack of jury instructions as to mail fraud, and 2) from changing jury instructions after counsel's closing arguments. They also object to the failure to allow evidence or instructions as to materiality.

Other issues include whether or not there was sufficient evidence to support a single conspiracy theory; whether the admission of the death threat was prejudicial error; whether it was error to deny suppression motions; and whether certain overt acts should have been stricken from the indictment. Stevenson also contends that there was insufficient evidence to support his conviction on Count II.

We agree that the total lack of instructions on mail fraud and changing the instructions after closing argument makes the convictions on Count I fatally defective, and we therefore reverse and remand for a new trial as to that count only. We also agree with the claim that the evidence in Count II is insufficient as to Stevenson, and as to that defendant only, we reverse and remand for the entry of a dismissal. We disagree with the appellants as to the remaining issues and therefore affirm as to the remaining substantive counts.

█ The total lack of jury instructions on mail fraud is plain error. The indictment charged a two-pronged conspiracy, bank credit fraud and mail fraud. The indictment was given to the jury during its deliberations. In the opening statements of counsel and throughout final arguments both sides presented the mail fraud issue to the jury. Much of the evidence presented

---

[*] Honorable Leland C. Nielsen, United States District Judge, Southern District of California, sitting by designation.

[1] Shanahan was found not guilty on the substantive count. All charges were then dismissed against him.

dealt exclusively with the mail fraud issue. The court never read the text of 18 U.S.C. § 1341 nor did it summarize the essential elements, so that the defendants could have been convicted of conspiracy to commit a crime that was never defined for the jury.

■ The judge also committed prejudicial error on Count I as to defendants Dubos and Philip Kostoff when he accepted defense counsel's jury instruction and changed it after counsel for Dubos and Philip Kostoff had given closing argument. The judge approved the proposed *Kotteakos* -based conspiracy instruction and never indicated that he would not submit it to the jury until after Dubos' closing argument, which had relied heavily upon *Kotteakos*-type "wagonwheel" analogies and other related examples and analogies that became meaningless in light of the new instruction. Therefore, in giving instructions that were materially different from those proposed, counsel was misled by the court to the defendants' prejudice.

In accord with the government's virtual concession at oral argument, we find the evidence insufficient to sustain Stevenson's conviction on Count II and order it reversed and dismissed.

Defendants also contend that while the indictment alleged only one conspiracy, the evidence at trial showed several different unconnected conspiracies. *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). However, examining the law in this circuit and the evidence presented, we come to a different conclusion:

> "Once the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, even though the *connection is slight,* is sufficient to convict him with knowing participation in the conspiracy." *United States v. Dunn,* 564 F.2d 348, 357 (9th Cir. 1977).

■ Viewing the evidence in the light most favorable to the government, all of the defendants reportedly met several times together and discussed "cleaning" credit records at several local watering holes.

The government need not show direct contact or explicit agreement between the defendants. It is sufficient to show that each defendant knew or had a reason to know of the scope of the conspiracy and that each defendant had reason to believe that their own benefits were dependent upon the success of the entire venture. *United States v. Perry,* 550 F.2d 524, 528–29 (9th Cir. 1977). We conclude that the government satisfied this test.

Defendants also contend that while the indictment alleged failure to instruct the jury that materiality is an essential element under 18 U.S.C. § 1014. They also claim error because the trial court precluded the introduction of any evidence as to materiality.

■ The trial judge determined, as a matter of law, that the TRW credit profile was material to the extension of credit, and if false, that the document would be materially false. We conclude that under the circumstances the materiality of the representations was clearly established from the evidence. *United States v. East,* 416 F.2d 351 (9th Cir. 1969). Therefore, failure to instruct the jury as to materiality was not error.

■ Defendants' arguments as to the death threat have little merit. We find the statement not to be hearsay, as it was not used to prove the truth of the matter asserted. Also, in light of the context in which the statement was admitted, we accept the trial court's determination that any possible prejudicial effect was outweighed by the statement's probative value.

■ Defendants finally contend that prejudicial error resulted when overt acts 34 through 36 were not stricken from the indictment. Though failure to strike act 34 might be error due to the absence of supporting testimony, it would be at most harmless error. The other objections have little merit, since some independent supporting evidence was introduced for each of those acts. Defendants' argument that a grand jury subpoena is not a "court order" is specious.

In sum, we reverse the convictions of all defendants on Count I and remand for a new trial. With respect to defendant Stevenson, we reverse his conviction on Count II and remand for an order of dismissal on this count. With respect to the remaining defendants, we affirm their convictions on all other counts.