972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Javier MARULANDA, Defendant-Appellant.
 No. 90-10389.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 16, 1991.
Decided Aug. 18, 1992.
 
 1
 Before CHOY and SNEED, Circuit Judges, and KELLEHER,* District Judge.
 
 ORDER AND AMENDED MEMORANDUM DISPOSITION
 ORDER
 
 2
 The panel that heard this case unanimously has voted to deny appellee's petition for rehearing. However, the panel has amended the Memorandum Disposition filed herein on November 22, 1991, and the Memorandum so amended follows.
 
 INTRODUCTION
 
 3
 Following a jury trial and conviction for engaging in a narcotics conspiracy, Marulanda appealed to this Court. Appellant claimed that there was a variance between the indictment and the proof at trial which was prejudicial, warranting reversal, in that it resulted in the admission of irrelevant evidence and inadmissible hearsay. Specifically, appellant claimed that the government had failed to prove that there had been one large conspiracy as the indictment charged and had instead shown multiple distinct conspiracies.
 
 
 4
 After oral argument, the panel afforded the parties the opportunity to submit additional briefs addressing the issue of whether, if there was a variance, the jury instructions cured any prejudice that may have resulted. These briefs revealed that the jury instructions had no such salutary effect. After considering the record, we agree with the appellant and reverse the conviction. We find it unnecessary, therefore, to reach the additional issued raised by the appellant in his appeal.
 
 DISCUSSION
 
 5
 A variance is shown when, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the elements of the crime charged beyond a reasonable doubt. United States v. Abushi, 682 F.2d 1289, 1293 (9th Cir.1982). If the variance between the indictment and proof affects the substantive rights of the parties, then it is prejudicial and warrants reversal. United States v. Kenny, 645 F.2d 1323, 1334 (9th Cir.), cert. denied, 452 U.S. 920 (1981).
 
 
 6
 We agree with the appellant that there was a variance here. Based upon the government's proof, no rational trier of fact could have found a single conspiracy beyond a reasonable doubt.
 
 
 7
 The government tried to prove that this was a "wheel" type conspiracy in which the central "hub" engages in various individual transactions which are the "spokes." These separate transactions are linked together by a "rim," which is the overall agreement among the parties to carry out the objectives of the conspiracy. Without the "rim," each of the "spokes" is a separate conspiracy. See Kotteakos v. United States, 328 U.S. 750 (1946); Kenny, 645 F.2d at 1334-1335.
 
 
 8
 In order to establish the overall agreement, "the government need not show direct contact or explicit agreement between the defendants. It is sufficient to show that each defendant knew or had reason to know of the scope of the conspiracy and that each defendant had reason to believe that their own benefits were dependent upon the success of the entire venture." United States v. Kostoff, 585 F.2d 378, 380 (9th Cir.1978). "Evidence of only a slight connection is necessary." Kenny, 645 F.2d at 1335.
 
 
 9
 Simply put, even under these liberal standards of proof, the government failed to show that the appellant had any link to the other transactions. Thus, there were multiple conspiracies here and not one large conspiracy. This variance affected the substantive rights of the appellant because it resulted in the admission of prejudicial evidence.
 
 
 10
 By proceeding on the single conspiracy theory, the government was able to introduce irrelevant and prejudicial evidence regarding the prior transactions and hearsay of the purported co-conspirators. The jury instructions did nothing to cure this prejudice and even compounded it by specifically advising the jury that they could impute the overt acts of the purported co-conspirators to the appellant.
 
 
 11
 For this reason, the conviction is REVERSED.
 
 
 
 *
 Honorable Robert J. Kelleher, District Judge for the Central District of California, sitting by designation