37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose MERANDA-PANIAGUA, Defendant-Appellant.
 No. 93-50350.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1994.
Decided Oct. 13, 1994.
 
 Before: FEINBERG*, SCHROEDER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A. A rational trier of fact could have found beyond a reasonable doubt that there was a single conspiracy to manufacture and distribute methamphetamine. See United States v. Kenny, 645 F.2d 1323, 1335 (9th Cir.1981). The government established that Paniagua was the hub of a methamphetamine ring. He bought ephedrine and sold it to others who made methamphetamine. He then bought back the methamphetamine, which he distributed. This amounts to a single conspiracy because all members of the ring " 'had reason to believe that their own benefits were dependent on the success of the entire venture.' " Id. (quoting United States v. Kostoff, 585 F.2d 378, 380 (9th Cir.1978)).
 
 
 3
 B. There was no Sixth Amendment violation. Sixth Amendment rights do not attach until the formal commencement of adversarial proceedings. Kirby v. Illinois, 406 U.S. 682, 689 (1972) (plurality opinion). Here, the alleged violation of Paniagua's Sixth Amendment rights occurred after his arrest, but before any formal steps were taken to initiate adversarial proceedings against him.
 
 
 4
 C. There being no violation of the Sixth Amendment, Paniagua is left with his claim that the indictment should have been dismissed because the AUSA caused DEA agents to arrest him while he was represented by counsel. Even if this were an ethical violation, the remedy would not be dismissal of the indictment. Paniagua has not established that any such violation was "flagrant in its disregard for the limits of appropriate professional conduct," or that it caused him substantial prejudice. See United States v. Lopez, 4 F.3d 1455, 1464 (9th Cir.1993).
 
 
 5
 D. Finally, the addition of the gun count after Paniagua refused to accept a plea agreement does not amount to vindictive prosecution. Bordenkircher v. Hayes, 434 U.S. 357, 364-65 (1978); United States v. North, 746 F.2d 627, 632 (9th Cir.1984).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Wilfred Feinberg, Senior United States Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3