**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Melbourne SHAW, Defendant–Appellant.**

**No. 95–50193.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1996.

Decided Aug. 1, 1996.

---

Lindsay Anne Weston, Los Angeles, California, for defendant-appellant.

Charlaine F. Barrera, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: BRUNETTI and RYMER, Circuit Judges, and TANNER,* District Judge.

* Hon. Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation.

BRUNETTI, Circuit Judge:

Melborne Shaw pled guilty to all three counts of the first superseding indictment: (1) conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; (2) armed bank robbery, in violation of 18 U.S.C. § 2113(d); and (3) use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Shaw appeals his sentence. We have jurisdiction over this timely appeal. 28 U.S.C. § 1291. We affirm.

## I. *Background.*

On October 14, 1994, appellant Shaw, Paul Gray, Sean Howard, and a juvenile committed an armed bank robbery of the Beckman Employee Credit Union ("credit union") in Azusa, California. All four robbers entered the credit union, armed with firearms. During the robbery, co-conspirator Howard, who was the getaway driver, left. Without a getaway vehicle, the remaining robbers, including appellant, carjacked a credit union customer whose car was in the parking lot. A police pursuit ensued with speeds in excess of 100 miles per hour at some points of the twenty-one mile chase. While Gray drove the vehicle, Shaw and the juvenile fired shots at the police cars. Two police cars were hit by bullets. The robbers in the carjacked car also sideswiped a bus when the car drove into oncoming traffic, and finally crashed into a guardrail.

## II. *Analysis.*

 The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. *United States v. Buenrostro–Torres,* 24 F.3d 1173, 1174 (9th Cir.1994). The district court's factual findings in the sentencing phase are reviewed for clear error. *United States v. Fuentes–Mendoza,* 56 F.3d 1113, 1116–17 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 326, 133 L.Ed.2d 227 (1995).

### A. *U.S.S.G. § 2B3.1(b)(1).*

 Shaw argues that the district court erred by increasing his sentence by two levels for carjacking and two levels for armed robbery of a financial institution under the same guideline section, U.S.S.G. § 2B3.1. Shaw argues that since he was not charged with carjacking, the two-level increase for carjacking is inappropriate because the prosecution exercised its discretion. This assertion is incorrect because Shaw's sentence can be enhanced under U.S.S.G. § 1B1.3 (relevant conduct). Shaw pled guilty to conspiracy to armed bank robbery and the carjacking was in furtherance of Shaw's escape from the offense. He contends that the district court could only increase by a total of two levels for both the carjacking and the armed robbery of a financial institution because of the plain meaning of U.S.S.G. § 2B3.1(b)(1).

Prior to November 1, 1993, U.S.S.G. § 2B3.1(b)(1) provided a specific offense characteristic for taking the property of a financial institution or post office, or attempt to take the property. The Sentencing Commission then added to § 2B3.1(b)(1), subsection B for a specific offense characteristic for carjacking, effective November 1, 1993. U.S.S.G.App.C, Amdmt. 483.

U.S.S.G. § 2B3.1(b)(1) provides:

> If (A) the property of a financial institution or post office was taken, or if the taking of such property was an object of the offense, or (B) the offense involved carjacking, increase by 2 levels.

U.S.S.G. § 2B3.1(b)(1).

Shaw contends that the plain meaning of "or" in U.S.S.G. § 2B3.1(b)(1) is that if both conditions (taking property from a financial institution and carjacking) are present, the total increase can only be two levels for both offenses. We disagree. A reasonable reading of U.S.S.G. § 2B3.1(b)(1) shows that subsections A and B are two distinct sections. Taking property from a financial institution is a vastly different offense from carjacking. Neither offense is an integral part of the other. It is clear that Congress intended the two offenses to be punished separately. The district court did not err in interpreting the statute to allow a two-level increase for each of the subsections.

### B. *U.S.S.G. § 2B3.1(b)(4)(B).*

 Shaw argues that the district court clearly erred in finding that he could or

should have reasonably foreseen the physical restraint of a credit union employee during the armed bank robbery. The Sentencing Guidelines provide for a two-level enhancement if any person was physically restrained to facilitate commission of the offense or to facilitate escape. U.S.S.G. § 2B3.1(b)(4)(B). U.S.S.G. § 1B1.3(b) provides that in the case of a jointly undertaken criminal activity, all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity are relevant conduct.

The district court found that co-conspirator Gray had physically restrained a bank employee during the commission of the bank robbery. The district court further found that Gray's actions were reasonably foreseeable by his fellow bank robbers and applied a two-level increase.

First, Shaw argues that Gray's actions were not foreseeable because he was not involved in the planning of the bank robbery. This argument is meritless. Application note two to U.S.S.G. § 1B1.3 offers the following example to illustrate the principle of foreseeability:

> [T]wo defendants agree to commit a robbery and, during the course of that robbery, the first defendant assaults and injures a victim. The second defendant is accountable for the assault and injury to the victim (even if the second defendant had not agreed to the assault and had cautioned the first defendant to be careful not to hurt anyone) because the assaultive conduct was in furtherance of the jointly undertaken criminal activity (the robbery) and was reasonably foreseeable in connection with that criminal activity (given the nature of the offense).

U.S.S.G. § 1B1.3, Comment (n. 2). Shaw knew that he and his co-conspirators were going to commit a robbery. His actual knowledge of the details of the robbery plan is irrelevant. As application note two discusses, even if Shaw knew that no physical restraint was planned, Shaw could still be held liable for the physical restraint of the credit union employee. *See United States v. Luna,* 21 F.3d 874, 884 (9th Cir.1994) (holding that bodily injury sustained by a victim

was a foreseeable consequence of the robbery).

Second, Shaw contends that because all of the bank robbers had firearms, physical restraint would appear to be unnecessary. This argument is unpersuasive. In fact, Shaw stated that Gray told him to watch the door of the bank and to make sure nobody entered or left and to "pull in" anybody from the parking lot. Given these directions, physical restraint could be anticipated.

Finally, Shaw contends that because he has a below average intelligence level, he could not reasonably foresee Gray's actions. Shaw did not introduce any evidence to the district court that a below average intelligence level impaired his ability to foresee the physical restraint. Shaw's limited intelligence level did not prevent him from participating in the robbery or from understanding that he was robbing a bank. During the robbery, he used a sophisticated weapon. The district court did not clearly err in finding that Shaw could have reasonably foreseen the physical restraint during the armed bank robbery.

### C. *U.S.S.G. § 3C1.2.*

█ Shaw contends that the district court erred in departing upward by five levels for reckless endangerment during flight, pursuant to U.S.S.G. § 3C1.2, which resulted in a seven level enhancement for reckless endangerment during flight. The district court adopted the analogy given by the probation officer for the measure of upward departure. More specifically, the probation officer noted that during their attempt to escape, the robbers led police on a 21 mile, high-speed chase, during which they drove against oncoming traffic, sideswiped a bus, and fired several volleys of gunfire at pursuing officers. The probation officer stated that the guideline section that is most analogous to the actions of the defendants is U.S.S.G. § 2A2.2 (Aggravated Assault). He noted that the base offense level for U.S.S.G. § 2A2.2 is 15, but reasoned that a 15 level departure would be overly punitive. The probation officer stated that the specific offense characteristic in U.S.S.G. § 2A2.2, the

discharge of a firearm, prescribes a five-level enhancement if a firearm is discharged.

 We review departures from the Sentencing Guidelines to determine whether the district court abused its discretion when it applied the Sentencing Guidelines to the facts. *Koon v. United States,* —— U.S. ——, ——–——, 116 S.Ct. 2035, 2045–48, 135 L.Ed.2d 392 (1996).

U.S.S.G. § 3C1.2 provides: "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels." U.S.S.G. § 3C1.2. Application note six states: "If death or bodily injury results or the conduct posed a substantial risk of death or bodily injury to more than one person, an upward departure may be warranted." U.S.S.G. § 3C1.2, Application (n. 6). The district court had the legal authority to depart and Shaw does not claim that the district court erred in its factual findings in support of the basis for departure.

The reasonableness of the extent of the district court's departure is reviewed "in light of the structure, standards, and policies of the Act and Guidelines." *U.S. v. Lira–Barraza,* 941 F.2d 745, 746–47 (9th Cir.1991). This court gives due deference to the district court's application of the Guidelines to the facts. *Koon,* —— U.S. at ——–——, 116 S.Ct. at 2046–47. Shaw argues that there should only be an upward departure of two points for the two shots which hit the second police car. The district court's analogy to the aggravated assault with a deadly weapon is reasonable, and it did not abuse its discretion in upwardly departing by five levels for reckless endangerment during flight.

AFFIRMED.