112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul GRAY, Defendant-Appellant.
 No. 95-50200.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1997.
April 24, 1997.
 
 Before PREGERSON, REINHARDT, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On December 21, 1995, Paul Gray pleaded guilty to (1) conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371, (2) armed bank robbery, 18 U.S.C. § 2113(a) and (d), and (3) use of a firearm in relation to a crime of violence, 18 U.S.C. § 924(c). The district court sentenced Gray to 360 months in custody. He appeals the sentence, and we affirm.
 
 
 3
 Gray first argues that the district court erroneously denied him a three-level sentence reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. He contends that the court improperly relied the fact that Gray failed to discuss with the probation officer his conduct during the failed escape attempt that occurred after the bank robbery. Gray is correct that "a defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under [ § 3E1.1]." United States v. Rutledge, 28 F.3d 998, 1001 (9th Cir.1994) (quoting U.S.S.G. § 3E1.1, comment. (n. 1(a))). We nonethless reject his challenge. The district court also found that Gray lied to the probation officer regarding his conduct during the bank robbery. That finding--which was not clearly erroneous--independently and sufficiently supported the district court's decision to deny the downward departure. Gray's conduct in the bank was egregious, and the judge was clearly very troubled by Gray's misrepresentation regarding it--so troubled, in fact, that he conducted a hearing on the matter. Accordingly, we conclude that the sentence was not "imposed 'as a result of' an incorrect application of the Guidelines." Williams v. United States, 503 U.S. 193, 205 (1992).
 
 
 4
 Gray raises two other challenges to his sentence. He argues that the district court misapplied § 2B3.1 by imposing two separate two-level enhancements--one for bank robbery and one for carjacking. Gray also argues that the district court's decision to depart upward five levels to account for the risk of death to more than one person during the escape attempt was unreasonable. We rejected both of these arguments in a published opinion when Gray's co-defendant Melbourne Shaw raised them in his separate appeal. United States v. Shaw, 91 F.3d 86 (9th Cir.1996). Accordingly, we affirm.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3