122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Barrington PRINGLE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duane DELCOMBER, Defendant-Appellant.
 Nos. 96-50418, 96-50651.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Sept. 3, 1997.
 
 Appeal from the United States District Court for the Central District of California Harry L. Hupp, District Judge, Presiding
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gregory B. Pringle and Duane Delcomber appeal the sentences imposed following Pringle's guilty plea to unarmed bank robbery in violation of 18 U.S.C. § 2113(a) and Delcomber's guilty plea to conspiracy to commit unarmed bank robbery and unarmed bank robbery in violation of 18 U.S.C. §§ 371 and 2113(a). Pringle and Delcomber contend that the district court erred by increasing their base offense levels by five levels pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2B3.1(b)(2)(C) on the basis of guns possessed by their co-defendants during the offense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The Guidelines mandate a five-level increase in a defendant's base offense level "if a firearm was brandished, displayed, or possessed" during a robbery. U.S.S.G. § 2B3.1(b)(2)(C). The enhancement is required for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B); see United States v. Lipsey, 62 F.3d 1134, 1137 (9th Cir.1995). The Commentary to the Sentencing Guidelines states that where a defendant is the getaway driver in an armed bank robbery in which a teller is assaulted and injured, the injury to the teller is reasonably foreseeable to the defendant given the nature of the criminal offense. See U.S.S.G. § 1B1.3, comment. (n.2); see also United States v. Luna, 21 F.3d 874, 884 (9th Cir.1994). Participation in other crimes in which sentence enhancing conduct occurred can give rise to reasonable foreseeability. See Luna, 21 F.3d at 884-85 (bodily injury in connection with bank robbery foreseeable where defendant had participated in another robbery in which victims were injured). A defendant may receive an upward adjustment for possession of a firearm even if the gun was in the possession of a co-defendant and the defendant had no actual knowledge of the co-defendant's possession of the gun. See United States v. Garcia, 909 F.2d 1346, 1349-50 (9th Cir.1990) (citation omitted). Further, "actual knowledge of the details of the robbery plan is irrelevant" to the issue of reasonable foreseeability. United States v. Shaw, 91 F.3d 86, 89 (9th Cir.1996).
 
 
 4
 Here, Pringle and Delcomber were both to act as getaway car drivers in a bank robbery in which the other defendants possessed guns. It is not relevant that Pringle and Delcomber may not have had actual knowledge that their co-defendants possessed guns during the robbery. See Garcia, 909 F.2d at 1349-50. Further, the fact that Pringle and Delcomber may not have participated in planning the robbery does not make the co-defendants' possession of guns unforeseeable. See Shaw, 91 F.3d at 89. The presence of a gun in other crimes in which Pringle and Delcomber participated, including an incident in which Pringle and one of the co-defendants here were arrested and the co-defendant possessed a gun, also supports a finding of reasonable foreseeability. See Luna, 21 F.3d at 884-85.
 
 
 5
 Accordingly, the district court's finding that, under the facts of this case, it was reasonably foreseeable to Pringle and Delcomber that their co-defendants would possess a firearm was not clearly erroneous and thus the enhancement of their sentences pursuant to U.S.S.G. § 2B3.1(b)(2)(C) was appropriate. See Garcia, 909 F.2d at 1350 (district court did not clearly err in finding that co-defendant's possession of gun was reasonably foreseeable and sentence enhancement under U.S.S.G. § 2D1.1(b)(1) was proper).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3