145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Anthony Bernard WASHINGTON Defendant-Appellant.
 No. 97-50253.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1998.**
April 24, 1998.
 
 Appeal from the United States District Court for the Central District of California.
 Before: GOODWIN, SCHROEDER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 KING, Magistrate J., Presiding.
 
 
 3
 Anthony Bernard Washington appeals the sentence imposed following his guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a). He contends the district court erred by imposing a five level enhancement under U.S.S.G. § 2B3.1(b)(2)(C) for the conduct of Washington's codefendant, who possessed a firearm during the robbery. We affirm.
 
 
 4
 Washington first contends that the enhancement should not be applied because he did not know that his codefendants planned to use firearms. However, knowledge is not a requirement of Guideline § 1B1 .3. Under that Guideline, Washington is responsible for his codefendants' actions as long as they were reasonably foreseeable in furtherance of the robbery.
 
 
 5
 Washington next argues that the district court improperly inferred foreseeability from the nature of the offense and failed to identify specific circumstances supporting its finding. However, it is clear from the record that the district court did consider the specific circumstances of this crime. The district judge relied on the particular circumstances of this planned, multi-defendant takeover robbery.
 
 
 6
 Moreover, the government identified additional facts at the sentencing hearing that would support the court's finding. Washington drove his codefendants to the bank before the crime. They wore masks and gloves and ducked down in the car to avoid being spotted by bystanders. At least one codefendant carried a handgun in the car while travelling to the scene of the crime with Washington.
 
 
 7
 The circumstances of the instant case are sufficient to support the enhancement. A person in Washington's position could reasonably foresee that his four masked codefendants would use guns in this bank robbery. See United States v. Shaw, 91 F.3d 86, 88 (9th Cir.1996) (physical restraint of victim reasonably foreseeable in takeover bank robbery); United States v. Luna, 21 F.3d 874, 884-85 (9th Cir.1994) (serious bodily injury foreseeable in bank robbery); United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990) (codefendant's possession of firearm foreseeable given extended preparation involved in drug transaction and quantity of drugs).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3