145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ryan MORGAN, Defendant-Appellant.
 No. 97-10172.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the Eastern District of California.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 Submitted May 14, 1998**
 GARCIA, J. Presiding
 
 
 1
 Ryan Morgan appeals the sentence imposed by the district court following his guilty plea conviction for armed robbery in violation of 18 U.S.C. § 2113(d). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Morgan contends that the district court erred by enhancing his sentence seven levels under U.S.S.G § 2B3.1(b)(2)(A) because he could not foresee that his accomplice would discharge a firearm during the robbery. This contention lacks merit. Morgan participated in an armed robbery in which he and his codefendant carried loaded handguns. Morgan pointed his gun at the bank tellers and threatened to kill them if they did not comply with his instructions. Given these undisputed facts, the district court did not clearly err by finding it was reasonably foreseeable to Morgan that his accomplice would subsequently discharge a firearm in an effort to assist him in avoiding capture. See United States v. Shaw, 91 F.3d 86, 89 (9th Cir. 1996) (physical restraint of bank robbery victims reasonably foreseeable because defendant under orders to make sure nobody entered or left bank during robbery and to "pull in" anybody from parking lot); United States v. Luna, 21 F.3d 874, 884 (9th Cir. 1994) (bodily injury sustained by a victim was foreseeable consequence of bank robbery); cf. United States v. Zelaya, 114 F.3d 869, 871 (9th Cir. 1997) (vacating sentence because district court found that express threat of death to bank teller was foreseeable based upon court's observations about bank robberies in general, rather than specific circumstances of case).
 
 
 3
 Morgan contends the district court violated his Fifth Amendment right against self-incrimination when it cited his failure to cooperate with the government as a basis for imposing a sentence at the upper end of the guideline range. Because Morgan did not assert that his failure to disclose information regarding the robbery was privileged, the sentencing court was free to consider his lack of cooperation in determining his sentence. See Roberts v. United States, 445 U.S. 552, 558-59 (1980) (district court properly considered, as one factor in imposing consecutive sentences, defendant's refusal to identify other persons involved in conspiracy where defendant failed to assert Fifth Amendment privilege at sentencing so court could determine whether claim was legitimate); Dallas v. Arave, 984 F.2d 292, 297 (9th Cir. 1993); cf. United States v. Safirstein, 827 F.2d 1380, 1388-89 (9th Cir. 1987) (holding court erred by enhancing sentence based on defendant's failure to cooperate where disclosure could subject defendant to additional prosecution and defendant sought to assert Fifth Amendment privilege).
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a); 9th Cir. R. 34-4