**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ken Lee LAM, Defendant–Appellant.**

No. 00–50242.

D.C. No. CR 98–00454–RAP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2001.

Decided Feb. 21, 2001.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Before PREGERSON, CANBY, and THOMPSON, Circuit Judges.

### MEMORANDUM [1]

Appellant Ken Lee Lam ("Lam") appeals his conviction and prison sentence of forty-one months. Following a jury trial, Lam was convicted of conspiracy to smuggle and to launder monetary instruments, in violation of 18 U.S.C. §§§ 371, 545, and 1956(a)(2)(A), and of smuggling goods into the United States, in violation of § 545.

Lam claims that the district court erred by: (1) admitting hearsay documents on redirect; (2) not instructing the jury on the elements of money laundering; (3) imposing a two-level sentence enhancement pursuant to U.S.S.G. 2T3.1(b)(1); and (4) denying a two-level sentence reduction pursuant to U.S.S.G. 3B1.2(b). Lam also claims that (5) he was deprived of the effective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm as to all claims, except the

---

ineffective assistance of counsel claim, which we do not resolve in this appeal.

 Lam claims for the first time on appeal that the district court erred by allowing the government to introduce, on redirect examination, documents containing hearsay statements. Because Lam did not object to the introduction of the documents at trial, we review for plain error. "Plain error is found only where there is: '(1) error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999) (internal citations omitted).

The record reflects that the government did not introduce the hearsay documents until the defense "opened the door" on cross examination by eliciting statements from the witness concerning the authenticity of those documents. Once the defendant questioned the witness about the documents, the district court did not commit error, much less plain error, in allowing the government to introduce the documents on redirect examination. *United States v. Wales,* 977 F.2d 1323, 1326 (9th Cir.1992); *United States v. Beltran–Rios,* 878 F.2d 1208, 1212–13 (9th Cir.1989).

 Lam also claims that the district court erred by failing to instruct the jury on the elements of money laundering. Because Lam did not object to the district court's instructions to the jury at trial, we review this claim for plain error. *Jones v. United States,* 527 U.S. 373, 389, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). First, we note that Lam was not charged with money laundering, but rather with conspiracy to launder money. Second, while it is true that the trial judge did not instruct the jury on the elements of money laundering, the district court did read to the jury the relevant portions of the money laundering

statute in instructing the jury on the conspiracy charge. Thus, this case is distinguishable from *United States v. Kostoff,* 585 F.2d 378 (9th Cir.1978), on which Lam relies. *See id.* at 380 (finding plain error where trial judge "never read the text of [the mail fraud statute] nor did it summarize the essential elements" to the jury where defendant was charged with conspiracy to commit mail fraud). There was no plain error.

 Lam asserts that the district court erred by imposing a two-level sentence enhancement pursuant to U.S.S.G. 2T3.1(b)(1) based on a finding that Lam used "sophisticated concealment" to impede the discovery and extent of his offenses. Specifically, Lam claims that the district court retroactively applied the new version of 2T3.1(b)(1), enacted on November 1, 1998, in violation of the Ex Post Facto Clause. Because Lam raises this claim for the first time on appeal, our review is for plain error.

As a general rule, federal courts apply the version of the Sentencing Guidelines "in effect on the date when the defendant is sentenced," not the version of the Sentencing Guidelines in effect on the date when the defendant committed the crimes. 18 U.S.C. § 3553(a)(4); U.S.S.G. 1B.11(a)(1). On the date that Lam was sentenced, April 17, 2000, the newer version of the Guidelines was in effect. Because a comparison of the new and old versions of 2T3.1(b)(1) reveal no significant differences, Lam cannot show that the district court's use of the newer version of the Sentencing Guidelines—in keeping with the general rule—was at all prejudicial.

 Lam claims that the district court erred in concluding that he was not a minor participant in the offense and thus refusing to grant him a two-level downward adjustment in his sentence. We re-

view the district court's sentencing decisions for abuse of discretion. *Koon v. United States,* 518 U.S. 81, 99, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). The district court's factual findings at sentencing, including a determination regarding appellant's role in the offense, are reviewed for clear error. *United States v. Shaw,* 91 F.3d 86, 88 (9th Cir.1996). The record supports the district court's conclusion that Lam's role in the offense was "necessary" and "essential." Therefore, we conclude that the district court did not abuse its discretion in concluding that Lam was not a minor participant in the smuggling and money laundering enterprise.

Finally, Lam claims that he was deprived of the effective assistance of counsel because of various errors allegedly made by his attorney at trial. Because ineffective assistance of counsel claims are customarily raised in a collateral proceeding rather than on direct review, we do not reach the merits of this claim. *United States v. Johnson,* 820 F.2d 1065, 1073 (9th Cir.1987) (declining to address merits of ineffective assistance of counsel claim raised on direct review where appellant "suggest[ed] no reason why the customary procedure" of addressing the claim in habeas proceedings should not be followed).

Accordingly, the judgment of the district court is AFFIRMED.