**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Thomas Foster SNOUFFER, Jr., Defendant–Appellant.**

No. 00–30081.

D.C. No. CR–99–00071–BLW.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001.*

Decided July 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Thomas Foster Snouffer appeals his one hundred twenty-one month sentence imposed following his guilty plea conviction for two counts of bank robbery in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review de novo the interpretation and application of the Sentencing Guidelines, and review for clear error the district court's factual findings. *United States v. Shaw,* 91 F.3d 86, 88 (9th Cir.1996). We affirm.

Snouffer contends that the district court erred in applying a sentence enhancement under U.S.S.G. § 2B3.1(b)(4)(B) for physical restraint in the second robbery. His argument is that he used no more restraint than is inherent in any robbery. Snouffer's contention is without merit. When a firearm is used to force a victim to move about, that victim has been physically restrained. *United States v. Thompson,* 109 F.3d 639, 641 (9th Cir.1997). Snouffer's brandishing of a firearm and his requiring the victim and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

her children to move about the house constituted physical restraint. *See United States v. Nelson*, 137 F.3d 1094, 1112 (9th Cir.1998).

 Snouffer next contends that it was erroneous for the district court to enhance his sentence under U.S.S.G. § 2B3.1(b)(3)(B) for causing serious bodily injury, because it was not foreseeable that his robbery victim would jump out of a window. Snouffer's argument is without merit. Bodily injury to a victim during a bank robbery is a foreseeable consequence of the robbery. *See United States v. Luna*, 21 F.3d 874, 884 (9th Cir.1994) (*citing* U.S.S.G. § 1B1.3 n. 2(b)(1) and ruling that a defendant is responsible for injury to a teller that was caused by his co-defendant, because such injury is reasonably foreseeable in an armed bank robbery). Snouffer admits that he created the circumstances which led to the victim's injury. He is responsible for the result of the chain of events he set into motion. *See United States v. Hicks*, 217 F.3d 1038, 1048 (9th Cir.2000) (adopting causation rule), *cert. denied*, 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000); U.S.S.G. § 1B1.3(a)(3).

AFFIRMED.

