**UNITED STATES of America,
Plaintiff–Appellee–Cross–
Appellant,**

v.

**Margaret Walter BRITT, Defendant–
Appellant–Cross–Appellee.**

Nos. 00–30190, 00–30240.
D.C. No. CR–99–00061–EJL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Dec. 12, 2001.

Before REAVLEY,* B. FLETCHER and TALLMAN, Circuit Judges.

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

**MEMORANDUM ***

Margaret Britt appeals her conviction and sentence on several grounds. The government cross-appeals the district court's decision to make a downward departure in the sentence. We have considered all of the issues raised by the parties and affirm.

A. *Restitution*

Britt first complains of the order of restitution. The district court ordered Britt to pay restitution in the amount of $27,103. The court started with a figure of $43,863, the appraisal figure from insurance records for Britt's inherited personal property. It then subtracted the value of rugs sold prior to the bankruptcy filing. This left $27,663, to which the court added the $6,000 Britt had received from the concealed sale of a motorcycle, yielding a figure of $33,663. The court then subtracted $6560, which was the net amount recovered from the post-conviction sale of Britt's assets, yielding the final restitution figure of $27,103. The court stated that Britt "shall pay restitution in the amount as determined by the bankruptcy court of the actual loss or, if no such determination is made or the defendant is not granted a discharge in bankruptcy, restitution will be in the amount of $27,103.00 . . . ." Britt was not granted a bankruptcy discharge and the bankruptcy court did not make a determination of the restitution due.

■ A restitution order generally is reviewed for abuse of discretion, with factual findings reviewed for clear error and the legality of the restitution order reviewed de novo. *United States v. Stoddard,* 150 F.3d 1140, 1147 (9th Cir.1998). We believe that the district court made a reasonable

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9TH CIR. R. 36–3.

calculation of the amount of restitution based on the conduct of the defendant and the information available to the court. While the record might support other measures of the loss to Britt's creditors occasioned by her concealment of assets, we cannot say that the district court's measure was clearly erroneous.

Britt complains that the district court erred in delegating to the bankruptcy court the authority to determine the amount of restitution. That delegation was of no consequence, since the district court stated a dollar amount of restitution if the bankruptcy court failed to determine the loss, and there was no bankruptcy court determination.

■ Britt also argues that in ordering restitution the district court failed to consider her ability to pay. The court was not permitted to do so because the Mandatory Victims Restitution Act (MVRA) requires the court to impose "full" restitution "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Britt's bankruptcy fraud falls under the MVRA, which applies to crimes against property where there is an identifiable victim who has suffered a pecuniary loss. *Id.* § 3663A(c).

### B. *Jury Access to Exhibits*

■ Britt complains that at the beginning of the trial, over her objection, the court allowed each juror to have copies of all the proposed government exhibits in three-ring binders. She points out that these exhibits were in the hands of the jury before their admission into evidence, and alleges that in some cases the exhibits in the binders were never admitted.

We reject this complaint because Britt makes no attempt to identify which exhibits were erroneously viewed by the jury or to demonstrate how she was prejudiced. Because Britt does not state which, if any, exhibits in the binders were later ruled inadmissible by the court, or whether the jury actually looked at any exhibits which were not admitted, we have no grounds for reversal on this basis.

### C. *Motion for Mistrial*

■ Britt complains that the district court erred in denying her motion for mistrial. After the second day of trial a juror died. Britt moved for a mistrial based on the emotional impact on the remaining jurors. We review the denial of the motion for abuse of discretion. *United States v. Wills,* 88 F.3d 704, 712 (9th Cir.1996). We find no abuse of discretion because Britt does not show that she was prejudiced by the death of the juror. The record indicates that only one remaining juror learned of the death. He told the court that he did not know the juror who had died and that the death would not affect his ability to serve as an objective juror.

### D. *Sufficiency of Evidence*

Britt challenges the sufficiency of the evidence. "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, a rational jury could have found the elements of the crime beyond a reasonable doubt." *United States v. Munoz,* 233 F.3d 1117, 1129 (9th Cir.2000).

■ Britt argues that four witnesses–her ex-husband, the friend who helped her hide her assets, and the couple to whom she sold the motorcycle–were lacking in credibility. Witness credibility is a matter for the jury. *See United States v. Croft,* 124 F.3d 1109, 1125 (9th Cir.1997) ("[W]e are powerless to question a jury's assessment of witnesses' credibility...."). The evidence was sufficient.

### E. *Sentencing Issues*

Britt objects to the calculation of the amount of the loss. Under the Sentencing

Guidelines, the district court added four points to the base offense level because the amount of the loss was between $20,000 and $40,000. *See* U.S.S.G. § 2F1.1(b)(1)(E) (2000).

■ We review factual findings underlying the sentencing decision for clear error. *United States v. Shaw*, 91 F.3d 86, 88 (9th Cir.1996). Regarding the amount of the loss, Britt essentially reurges points she made above regarding restitution. If anything, the required proof of the amount of loss for sentencing purposes is less exacting than the proof required for calculating the amount of restitution, since the loss calculation for sentencing purposes may consider the intended as well as the actual loss, while the amount of restitution must correspond to the actual loss sustained by the victim. *See United States v. Catherine*, 55 F.3d 1462, 1464 (9th Cir.1995).

■ Britt also argues that she should not have received a two-point increase in her offense level for violation of a judicial order. At the time of sentencing, U.S.S.G. § 2F1.1(b)(4)(B) provided for an increase in the offense level if the offense involved "a violation of any judicial or administrative order, injunction, decree, or process." Interpreting this provision, we have held that concealment of assets in a bankruptcy proceeding is a violation of a judicial "process." *United States v. Kubick*, 205 F.3d 1117, 1124 (9th Cir.1999).

F. *Cross–Appeal on Downward Departure*

■ The government cross-appeals the district court's decision to make a downward departure in the sentence. The court calculated Britt's offense level at sixteen, and departed downward to a level of twelve. The government challenges both the decision to depart and the extent of the departure. The decision to depart is reviewed for abuse of discretion. *United States v. Banuelos–Rodriguez*, 215 F.3d 969, 972 (9th Cir.2000). The extent of the departure is reviewed for reasonableness. *United States v. Sablan*, 114 F.3d 913, 917 (9th Cir.1997).

We cannot say that the district court abused its discretion in granting a downward departure in this case, or that the extent of the departure was unreasonable. Among other consequences of Britt's conviction, her plans to start a new career as a lawyer have been dashed, and the record reflects that she was under considerable mental stress as a result of her divorce and custody battle. The government, citing *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), argues that the loss of legal employment opportunities is not a sound basis for a downward departure. However, *Koon* does not hold that the effect of a sentence on the defendant's career can never be considered. *Id.* at 110 (explaining that effect on career, unlike socioeconomic status, is not a factor categorically excluded from downward departure analysis). Further, in the pending case, we read the district court's remarks as finding more than mere loss of an existing job or career, but loss of a year of schooling and an opportunity to start a new life and career after a disastrous marriage and divorce. For these reasons we cannot say that the district court abused its discretion.

AFFIRMED.