**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Armando BERNAL–JIMENEZ,
Defendant–Appellant.**

**No. 05–30564.**

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 6, 2007.*

Filed Feb. 28, 2007.

Michael Dion, Esq., Office of the U.S. Attorney, Tacoma, WA, Helen J. Brunner, Esq., Jeffrey B. Coopersmith, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Peggy Sue Juergens, Esq., Seattle, WA, for Defendant–Appellant.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM **

Defendant Armando Bernal–Jimenez appeals his convictions for (1) conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) aiding and abetting the possession of narcotics with the intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); and (3) possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Bernal–Jimenez argues that the district court constructively amended the indictment by instructing the jury on the elements of drug distribution, even though he was not charged with that substantive offense.[1]

A defendant's Fifth Amendment rights are violated "when the grand jury charges one crime and the jury convicts of another." *United States v. Solis,* 841 F.2d 307, 308–09 (9th Cir.1988). In *Solis,* we reversed the defendants' convictions for distributing heroin because the district court instructed the jury on heroin possession,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo whether a district court's jury instructions constructively amended the indictment. *United States v. Shryock,* 342 F.3d 948, 988 (9th Cir.2003).

an offense not charged in the indictments. Bernal–Jimenez argues that his case is analogous to *Solis* because he was charged with conspiracy to distribute narcotics and aiding and abetting the possession of narcotics with intent to distribute, but the district court instructed the jury on the substantive offense of drug distribution.

This argument is unpersuasive. The district court instructed the jury on the elements of drug distribution so that the jury could determine whether Bernal–Jimenez conspired to distribute narcotics. Instructing a jury on the elements of the object of a conspiracy is not error. *See United States v. Kostoff,* 585 F.2d 378, 379–80 (9th Cir.1978). Further, to avoid confusion, the district court clearly explained the purpose of the instruction setting forth the elements for distribution: "The object of the conspiracy charged in ... the Indictment is the distribution of [narcotics]. The elements of that offense are...." In sum, the district court did not give the jury the option to convict Bernal–Jimenez for distributing narcotics. Consequently, the district court did not constructively amend the indictment, and Bernal–Jimenez's Fifth Amendment rights were not violated.

**AFFIRMED.**