**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sess MERKE, Defendant–Appellant.**

**No. 06–30505.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2007.

Filed June 19, 2007.

Susan G. Loitz, Esq., Helen J. Brunner, Esq., Robert Henry Westinghouse, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Angelo J. Calfo, Esq., Yarmuth Wilsdon Calfo, PLLC, Seattle, WA, for Defendant–Appellant.

Before: PREGERSON and IKUTA, Circuit Judges, and MOSKOWITZ,* District Judge.

## MEMORANDUM **

Sess Merke ("Merke") appeals from his conviction on one count of conspiracy to transport stolen property in interstate commerce in violation of 18 U.S.C. § 371 and also appeals his sentence. We affirm.

Even if the evidence showed that there were multiple conspiracies to transport stolen property in interstate commerce, as opposed to the single overarching conspiracy alleged in the Superseding Indictment, the variance did not affect Merke's substantial rights. Therefore, a reversal is not warranted. See United States v. Duran, 189 F.3d 1071, 1081 (9th Cir.1999); Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

Any spillover evidence was harmless due to the strength of the evidence that Merke and the Nguyens conspired to transport stolen ultrasound probes in interstate commerce. Furthermore, the evidence regarding Robert Davies, the Nguyens' misappropriation of ATL/Philips proprietary software, and the Nguyens' criminal dealings after September, 2000, could easily be compartmentalized and viewed distinctly from the evidence of Merke's criminal activity.

The fact that the Superseding Indictment alleged a single conspiracy did not preclude Merke from asserting any viable defenses. There was overwhelming evidence that Merke stole probes from ATL/Philips and that the Nguyens were aware that the probes were stolen. In addition, the evidence established that at least one overt act in furtherance of the conspiracy between Merke and the Nguyens took place within the five years prior to the filing of the Indictment.

The district court's jury instructions fairly and adequately covered the elements of the offense. The court did not abuse its discretion when it declined to give Merke's proposed jury instruction regarding when conspiracies end.

It is unclear whether the district court applied the clear and convincing burden of proof, as it was required to do, when determining whether the evidence supported the loss amount proposed by the Government. However, even if the district court applied the wrong standard, Merke did not suffer any prejudice because there is clear and convincing evidence that the loss amount attributable to the probes stolen by Merke was at least $ 368,000.

AFFIRMED.

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.