**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sess MERKE, Defendant–Appellant.**

**No. 06–30505.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2007 *.

Filed Aug. 29, 2007.

---

* Memorandum filed on June 19, 2007 is vacated.

See also 2007 WL 2220278.

Susan G. Loitz, Esq., Helen J. Brunner, Esq. Robert Henry Westinghouse, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Angelo J. Calfo, Esq., Yarmuth Wilsdon Calfo, PLLC, Seattle, WA, for Defendant–Appellant.

Before: PREGERSON and IKUTA, Circuit Judges, and MOSKOWITZ,** District Judge.

ORDER AND MEMORANDUM ***

In his petition for rehearing and rehearing en banc, Appellant Sess Merke argues that there was insufficient evidence that he was a member of the single conspiracy charged in the Superseding Indictment and that the resulting variance was necessarily material because the jury was instructed that if they found that Merke was not a member of the charged conspiracy, they were required to find him not guilty. *See United States v. Castaneda,* 16 F.3d 1504, 1509 n. 2 (9th Cir.1994).

---

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In the memorandum disposition filed on June 19, 2007, 234 Fed.Appx. 683, we explained that even if the evidence showed that there were multiple conspiracies to transport stolen property in interstate commerce, the variance did not affect Merke's substantial rights. We did not reach the issue of whether there was sufficient evidence of Merke's membership in the single conspiracy charged in the Superseding Indictment.

■ We now affirm on different grounds. Viewing the evidence in the light most favorable to the prosecution, a rational jury could have found the existence of the single overall conspiracy charged in the Superseding Indictment. *See United States v. Arbelaez*, 719 F.2d 1453, 1458 (9th Cir.1983). The evidence established that CMS and the Nguyens conspired to sell goods stolen from ATL/Philips, particularly ultrasound probes, in interstate commerce from 1998 through 2003. Throughout the course of the conspiracy, the Nguyens and CMS obtained the stolen product from different suppliers at ATL/Philips. However, the method of the operation, involving the falsification of serial numbers and the replacement of stolen probes with broken ones, remained the same.

As the court concluded in *United States v. Bibbero*, 749 F.2d 581, 587 (9th Cir. 1984), "the consistency of key personnel and of method and type of operation militates against the separation of these [operations] into smaller, independent conspiracies." The Nguyens and CMS were engaged in one continuing conspiracy to obtain and sell goods stolen from ATL/Philips, not separate conspiracies with each individual supplier.

Given the existence of a single overall conspiracy, the issue is whether Merke was a member of the conspiracy. The connection between Merke and the conspiracy need only be "slight." *United States v. Dunn*, 564 F.2d 348, 357 (9th Cir.1977). The pertinent inquiry is whether Merke "embraced the common purpose of the overall conspiracy." *Bibbero*, 749 F.2d at 587. In making this determination, we look to Merke's knowledge of and dependency on the enterprise. *Id.*

■ A rational jury could have found that Merke knew or had reason to know that other individuals at ATL/Philips were or would become involved in supplying the Nguyens/CMS with stolen probes and that Merke had reason to believe that his own benefits were dependent upon the success of the entire venture. Considering the amount of stolen product that Merke supplied to the Nguyens/CMS, the relative sophistication of the operation, and the Nguyens' former employment with ATL/Philips, a rational jury could conclude that Merke would have known that the Nguyens/CMS were conducting a substantial ongoing business in stolen probes, that other individuals at ATL/Philips were more likely than not involved, and that Merke's ability to continue selling to the Nguyens/CMS depended on their ability to maintain a market for the stolen goods by way of a steady stream of supply.

Even if Merke can be deemed to have withdrawn from the conspiracy upon his resignation from ATL/Philips, the conspiracy continued with a different source of supply. The evidence was sufficient to establish the single overall conspiracy charged in the Superseding Indictment. Thus, there was no variance, and there is no need to determine whether reversal is required when there is a variance and the jury is given a jury instruction such as Ninth Circuit Model Criminal Jury Instruction 8.17.

■ The district court's jury instructions fairly and adequately covered the

elements of conspiracy. The court did not abuse its discretion when it declined to give Merke's proposed jury instruction regarding when conspiracies end. If the jury found that Merke was involved in a conspiracy involving other suppliers at ATL/Philips, known or unknown, such a conspiracy logically would not end upon Merke's withdrawal but would continue as long as the various suppliers could obtain product and the Nguyens/CMS could sell it.

■ It is unclear whether the district court applied the clear and convincing burden of proof, as it was required to do, when determining whether the evidence supported the loss amount proposed by the Government. However, even if the district court applied the wrong standard, Merke did not suffer any prejudice because there is clear and convincing evidence that the loss amount attributable to the probes stolen by Merke was at least $ 368,000.

The petition for panel rehearing is **GRANTED.** The memorandum disposition previously filed on June 19, 2007 is **VACATED.** Merke's conviction and sentence are **AFFIRMED.**

Judge IKUTA Dissent.

I do not agree that the evidence was sufficient to support the jury's finding that there was a single overarching conspiracy in this case.

To establish a single conspiracy, the government must show " 'that each defendant knew or had reason to know of the scope of the conspiracy and that each defendant had reason to believe that their own benefits were dependent upon the success of the entire venture.' " *United States v. Kenny,* 645 F.2d 1323, 1335 (9th Cir.1981) (quoting *United States v. Kostoff,* 585 F.2d 378 (9th Cir.1978)). Viewing the evidence in the light most favorable to the prosecution, a rational jury could not conclude that Merke had such knowledge or belief about the single conspiracy. There was no evidence that Merke knew or had reason to know that any other supplier was involved in the conspiracy. Merke was uniquely situated for the supplier role. Merke's position at ATL/Philips as the manager responsible for spare and defective parts meant he could easily move stolen items in and out of the office. Notwithstanding the majority's references to Merke's probable awareness that other suppliers contributed to a "steady stream of supply" for the Nguyens, there was evidence at trial of only one other supplier—Robert Davies—who did not begin supplying the Nguyens with probes until around the time Merke refused to continue doing so and supplied probes on only three occasions. Further, Davies testified that he did not know of Merke's existence and had no reason to believe that the Nguyens were dealing with anyone else in stolen parts.

Most important, the evidence established that a substantial portion of the Nguyens' company was legitimate. This differentiates the case from a drug smuggling scheme as in *United States v. Bibbero* (relied on by the majority), where sophisticated participants reasonably should understand that their profits are dependent upon the success of the criminal scheme as a whole. 749 F.2d 581, 586–88 (9th Cir.1984). Because the Nguyens' company was also involved in legitimate business, Merke's knowledge that he was supplying the Nguyens with large amounts of stolen product does not, without more, raise the inference that Merke should have known others were involved.

Because the evidence showed multiple conspiracies rather than a single one, there was a variance between the conspiracy charged and that proven at trial. This

variance was material because the jury was given the model instruction stating that it must acquit if the conspiracy charged was different than the one proven. *See United States v. Castaneda*, 16 F.3d 1504, 1509 n. 2 (9th Cir.1994) ("This instruction ... rendered material any variance between the charged larger conspiracy and any smaller conspiracies the government may have proved; the jury was bound to find appellants not guilty if the government's proof of the charged conspiracy failed."); *but cf. United States v. Duran*, 189 F.3d 1071, 1079–83 (9th Cir. 1999) (discussing evidentiary spillover without any discussion of the impact of the model instruction). Accordingly, I would reverse and remand.